UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DENISE MONCEAUX** | * | **CIVIL ACTION NO. 2:14-cv-2492** |
| | * | |
| v. | * | **JUDGE PATRICIA MINALDI** |
| | * | |
| **THE KROGER COMPANY** | * | **MAGISTRATE JUDGE KAY** |

**********************************************************************

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment (Rec. Doc. 10) filed by the defendant, The Kroger Company ("Kroger"), an Opposition (Rec. Doc. 20) filed by the plaintiff, Denise Monceaux, a Reply and Incorporated Motion to Strike (Rec. Doc. 21) filed by Kroger, an Opposition to the Motion to Strike (Rec. Doc. 25) filed by Monceaux, and a Reply (Rec. Doc. 26) filed by Kroger. For the following reasons, the Motion for Summary Judgment (Rec. Doc. 10) is **DENIED** and the Motion to Strike (Rec. Doc. 21) is **GRANTED**.

## FACTS & PROCEDURAL HISTORY

On May 26, 2013, Monceaux was shopping at a Kroger store located on West McNeese Street in Lake Charles, Louisiana.[1] There was a large display of shrink-wrapped plastic bottles of water stacked on top of a pallet at the entrance of the store.[2] As Monceaux walked by the water display, her feet came out from under her and she fell on her right side.[3] Mikeh Dante Conner, a checkout clerk working near the water display, helped Monceaux to her feet immediately after the fall.[4] The incident was captured on surveillance footage from two different angles.[5] Although

---

[1] Pet. for Damages (Rec. Doc. 1-5) ¶ 2.
[2] Ex. A, Depo. of Denise Monceaux (Rec. Doc. 10-4), at 53-55.
[3] *Id.* at 58.
[4] Ex. C, Depo. of Mikeh Dante Conner (Rec. Doc. 20-6), at 14-15.
[5] *See* Ex. D, Video Surveillance (Rec. Doc. 20-7).

1

Monceaux did not see anything on the floor prior to the accident, she realized afterwards that a beach ball sized pool of water caused the fall.[6] According to Monceaux, she sustained severe injuries, including a right rotator cuff tear, right shoulder and neck pain, and headaches.[7] On May 20, 2014, Monceaux filed suit against Kroger in the Fourteenth Judicial District Court for the Parish of Calcasieu, Louisiana.[8] On August 14, 2014, the case was removed.[9] The Motion for Summary Judgment was filed on July 20, 2015,[10] and the Reply with the Incorporated Motion to Strike was filed on January 6, 2016.[11]

## LAW & ANALYSIS

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is said to be "genuine" only where a "reasonable jury could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.*, No. 3:10-cv-699, 2012 U.S. Dist. LEXIS 24025, at *16 (W.D. La. Jan. 12, 2012) (citing *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)). "Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Webber v. Christus Schumpert Health Sys.*, No. 10-1177, 2011 U.S. Dist. LEXIS 99235, at *14 (W.D. La. Sept. 2, 2011) (citing *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004)).

In ruling upon a motion for summary judgment, the district court shall draw all inferences in a light most favorable to the nonmoving party. *Id.* at *3 n. 1 (citing *Matsushita Elec. Indus.*

---

[6] Ex. A, Depo. of Denise Monceaux (Rec. Doc. 10-4), at 60-62.
[7] Pet. for Damages (Rec. Doc. 1-5) ¶ 4.
[8] *See* Pet. for Damages (Rec. Doc. 1-5).
[9] Notice of Removal (Rec. Doc. 1).
[10] Mot. for Summ. J. (Rec. Doc. 10).
[11] Reply (Rec. Doc. 21).

*Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986) (additional citation omitted)). However, the court will not, in the absence of proof, "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)). "The non-movant cannot preclude summary judgment by raising 'some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or by only a scintilla of the evidence.'" *Cormier v. W&T Offshore, Inc.,* No. 10-1089, 2013 U.S. Dist. LEXIS 53416, at *18-19 (W.D. La. Apr. 12, 2013) (citing *Little,* 37 F.3d at 1075).

## LA. REV. STAT. ANN. § 9:2800.6

The merchant liability "slip-and-fall" statute governs Monceaux's claims. *See Walthall v. E-Z Serve Convenience Stores, Inc.,* 988 F. Supp. 996, 998-99 (E.D. La. 1997), *aff'd,* 146 F.3d 868 (5th Cir. 1998). Kroger qualifies as a "merchant" under the statute; therefore, Kroger "owes a duty to persons who use [its] premises to exercise reasonable care to keep [its] aisles, passageways, and floors in a reasonably safe condition." LA. REV. STAT. ANN. § 9:2800.6(A). In her negligence action against Kroger, Monceaux has the burden of proving:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) [Kroger] either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) [Kroger] failed to exercise reasonable care. *Id.* at (B).

*Angelle v. Kroger Co.,* No. 2:12-CV-01759, 2013 WL 6074626, at *2 (W.D. La. Nov. 18, 2013) (citing *Davenport v. Albertson's, Inc.,* 2000-00685 (La. App. 3 Cir. 12/6/00); 774 So.2d 340. "Constructive notice," as defined by the statute, "means the claimant has proven that the

condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." LA. REV. STAT. ANN. § 9:2800.6(C)(1). A plaintiff may prove constructive notice through circumstantial evidence. *Davenport*, 774 So.2d at 343.

Monceaux argues that there is a genuine issue of material fact whether Kroger created the pool of water, and whether Kroger had constructive notice of the pool of water.[12] According to Monceaux, the pool of water was coming from the water display,[13] and Kroger admits that "[p]art of the puddle was underneath the pallet holding cases of water."[14] Monceaux further asserts that it was not raining the day of the incident and that the video surveillance offers no evidence that a customer created the pool of water, and Kroger disputes neither assertion. Thus, Monceaux concludes, the most logical explanation for the pool of water is that it leaked from a damaged bottle of water in the water display.[15] However, Monceaux did not see any evidence of a leak in the water display,[16] and Conner, the checkout clerk working near the water display who helped Monceaux to her feet, stated that he did not find any evidence of a leak in the water display, though he did not take the display apart or determine the source of the water.[17] The court concludes that the evidence is such that a jury could find by a preponderance of the evidence that the pool of water leaked from the water display.

Next, Monceaux contends that Kroger had constructive notice of the pool of water because the water had been on the floor long enough that it should have been discovered by Kroger employees. In support of this argument, Monceaux discusses *Sheffie v. Wal-Mart*

---

[12] In its Reply (Rec. Doc. 21), Kroger argues that Monceaux failed to controvert facts set forth in its Motion for Summary Judgment, and thus those facts should be deemed admitted for the purpose of this motion. However, Monceaux's Statement of Material Facts at Issue (Rec. Doc. 20-1) and Opposition (Rec. Doc. 20) clearly take the position that Kroger created the pool of water and that it had constructive notice of the pool of water.
[13] Ex. A, Depo. of Denise Monceaux (Rec. Doc. 10-4), at 62.
[14] Memo. in Support of Mot. for Summ. J. (Rec. Doc. 10-2), at 2.
[15] Ex. A, Depo. of Denise Monceaux (Rec. Doc. 10-4), at 61-62.
[16] *Id.* at 64.
[17] Ex. C, Depo. of Mikeh Dante Conner (Rec. Doc. 20-6), at 17, 20.

4

*Louisiana, LLC*, 13-792 (La. App. 5 Cir. 2/26/14); 134 So.3d 80, in which the Fifth Circuit Court of Appeal of Louisiana found there was a genuine issue of material fact as to whether Wal-Mart had constructive notice of a pool of water in the store's main aisle that caused a customer to fall. In that case, the court explained that the temporal element of constructive notice is an issue of fact, and concluded that a twenty-two minute surveillance video that showed multiple Wal-Mart employees walking by the pool of water prior to the fall could be sufficient to satisfy the temporal element. *Sheffie*, 134 So.3d at 84. Here, a surveillance video shows that several Kroger employees walked by or were in the immediate vicinity of the pool of water prior to the fall, and none of them took any action.[18] For example, Connor, whose station was located near the water display, failed to see the water prior to the fall.[19] Thus, the court finds this evidence may be sufficient to demonstrate Kroger had constructive notice of the condition.

## MOTION TO STRIKE

Kroger seeks to strike the Affidavit of John W. Fryar, III ("Affidavit"), a private investigator, which summarizes the video surveillance. Rule 56(c)(4) requires that an affidavit used to oppose a motion for summary judgment must (1) be made on personal knowledge, (2) set out facts that would be admissible in evidence, and (3) show that the affiant is competent to testify on the matters stated. FED. R. CIV. P. 56(c)(4). Kroger argues that the Affidavit is not based on personal knowledge, does not set out facts that would be admissible in evidence, and that the video surveillance speaks for itself. In response, Monceaux notes that in *Sheffie* a private investigator summarized the video surveillance in an affidavit, and asserts that in this case the Affidavit would be helpful to the court. However, as Kroger points out, the court in *Sheffie* never reached a holding regarding the competency or admissibility of the affidavit summarizing the

---

[18] The court reviewed the thirty minutes of the surveillance tape prior to the fall and did not rely on the Affidavit of John W. Fryar, III.
[19] Ex. C, Depo. of Mikeh Dante Connor (Rec. Doc. 20-6), at 14-15.

video surveillance, and it is unknown whether the defendant objected to the introduction of the affidavit into evidence. The court **GRANTS** the Motion to Strike to the extent that the Affidavit summarizes the video surveillance evidence which speaks for itself.

## CONCLUSION

The court finds that there is a genuine issue of material fact both as to whether Kroger created the pool of water and whether Kroger had constructive notice of the pool of water. Thus, Kroger's Motion for Summary Judgment is **DENIED**. The Motion to Strike the Affidavit of John W. Fryar, III, is **GRANTED**.

Lake Charles, Louisiana, this 25th day of March, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE